IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____
:
MARK BREAKIRON, :
:
            Petitioner, :
:  CIVIL ACTION
     v. :
:  No. 00 - 300:
MARTIN HORN, Commissioner, :
Pennsylvania Department of Corrections; :  Judge Standish
CONNOR BLAINE, Superintendent of the :
State Correctional Institution at Greene, and :  **THIS IS A CAPITAL CASE**.
JOSEPH P. MAZURKIEWICZ, :
Superintendent of the State Correctional :
Institution at Rockview, :
:
            Respondents. :
_____

_____

**MOTION TO AMEND PETITIONER'S REQUEST FOR PRODUCTION OF DOCUMENTS**
_____

     Petitioner MARK BREAKIRON requests this Court to grant his MOTION TO AMEND PETITIONER'S REQUEST FOR PRODUCTION OF DOCUMENTS and in support thereof states:

     1.     In a police record received in discovery in this case, it is revealed that Ellis Price had another reason to curry favor with authorities by testifying against Mark Breakiron: he committed a brutal aggravated assault for which he could have been charged and convicted.[1] The police report also reveals that the district attorney specifically directed the police not to charge

---

[1] The aggravated assault occurred just before he committed the attempted murder for which he was tried and convicted (before receiving the arrest of judgment).

Ellis Price in the offense. Petitioner seeks additional discovery concerning this unusual coincidence.

2. On November 15, 2004, Petitioner motioned this Court for Discovery pertaining to Petitioner's Amended Claim 4.

3. On February 18, 2005, this Court issued an Order granting Petitioner's Motion for Discovery.

4. On March 9, 2005, the Court issued a Memorandum Order clarifying its earlier order that by granting Petitioner's Motion for Discovery, "the Court [had] authorized Petitioner, pursuant to its authority under Rule 6 of the Rules Governing Habeas Corpus Cases under Section 2254, to conduct discovery of the documents and things outlined in [Petitioner's] Motion for Discovery." Finally, the Court noted that "by granting Petitioner's Motion for Discovery, [it] had] determined that the document requests outlined in the motion were appropriately narrowed to the limited issue upon which discovery was permitted: whether Petitioner can establish 'cause and prejudice' to overcome the procedural default of Amended Claim 4."

5. On May 25, 2005, Petitioner served a subpoena on the Pennsylvania State Police requesting eight (8) categories of documents that were in its possession.

6. Included in material received from the State Police was a police report detailing an aggravated assault and robbery by Ellis Price on victim Vincent Keith Sterbutzal that occurred on January 8, 1986. The attack on Mr. Sterbutzal occurred only eight days after Ellis and Robert Price shot and wounded Raymond Ricker and Richard Pletcher in Fayette County, a crime for which they both were charged with, and convicted of, attempted murder[2].

7. By July 23, 1986, the police had interviewed one of the perpetrators in the assault,

---

[2]  Ellis Price's conviction was later vacated and a judgment of acquittal was entered.

Mark DiMatteo. Mr. DiMatteo admitted his involvement and identified Kevin Douglas Price, Robert Price and Ellis Price as the others involved. This investigation remained open and no charges were immediately filed.

8.  By letter of unknown date (but most probably from the spring or early summer of 1987), Ellis Price (along with James "Silky" Sullivan and Conrad Blair) offer to testify against Mark Breakiron based on his alleged jailhouse confession. On August 4, 1987, Ellis Price is interviewed by Trooper Gary Brownfield and gives a statement indicating that Mr. Breakiron confessed. Ellis Price testifies against Mr. Breakiron during his trial on April, 1988.

9.  After Breakiron's trial and sentencing, all of the co-defendants in the Steurbutzel assault case were charged, convicted and sentenced – except for Ellis Price. He was not charged in the aggravated assault at the specific direction of the district attorney of Fayette County, ostensibly because he was serving a long sentence in Michigan. Police Report, 3/10/89.[3] Robert Price was found guilty and sentenced to 5-10 years on December 22, 1989. Kevin Price was sentenced to 6-20 years on April 24, 1990.

10.  The police report reveals that despite the fact that Mr. Sterbutzal was assaulted on January 8, 1986, and the police had completed their investigation and identified all of the assailants by July 1986, charges were not filed against anyone until three years later in early 1989[4], well after Ellis Price testified at Mark Breakiron's trial.

11.  The Court granted Petitioner discovery and determined that its original document requests "were appropriately narrowed to the limited issue upon which discovery was permitted:

---

[3] Ellis Price was paroled from the Michigan system around 1995.

[4] Mark DiMatteo was sentenced to probation on January 26, 1989, in exchange for testifying truthfully against his co-defendants. Charges were filed against Kevin Price on February 23, 1989, and against Robert Price on February 27, 1989.

whether Petitioner can establish 'cause and prejudice' to overcome the procedural default of Amended Claim 4."[5]  This newly discovered information contained in the Sterbutzal police report directly bears on Petitioner's Amended Claim 4, that Ellis Price received substantial benefits in his cases and had strong incentives to aid the Commonwealth.  Accordingly, it is just as relevant as the discovery this court already granted.

      12.    Therefore, Petitioner requests that it be allowed to amend its original Request for Production of Documents to include the Fayette County District Attorney's files relating to the prosecution of Ellis Price, Robert Price, Kevin Price and Mark DiMatteo for the assault and robbery against Vincent Sterbutzal on January 8, 1986.

      13.    Despite being responsible for an attempted murder and an brutal aggravated assault, Mr. Ellis Price has not served a single day of incarceration in Pennsylvania for either of these two incidents due to the direct actions of the Fayette County District Attorney's office.  Petitioner is entitled to discovery of the Fayette County District Attorney's file on this matter.

---

[5] Since Petitioner can establish cause and prejudice by showing that the Commonwealth failed to turn over these documents, the cause and prejudice inquiry and the merits of the underlying Brady claim are identical.

14. For all the foregoing reasons, Petitioner's Motion to Amend should be granted.

        Respectfully submitted,

        /s/James Anderson
        James Anderson, Esq.
        Assistant Federal Public Defender
        Capital Habeas Corpus Unit
        1450 Liberty Center
        1001 Liberty Avenue
        Pittsburgh, PA 15222-3714
        (412) 644-6565

        Stuart Lev, Esq.
        Capital Habeas Corpus Unit
        Federal Court Division
        Defender Association of Philadelphia
        Suite 545W -- The Curtis Center
        Independence Sq. West
        Philadelphia, PA 19106
        (215) 928-0520

Dated: November 10, 2005