IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK BREAKIRON, | : |
| Petitioner, | : |
| v. | : CIVIL ACTION |
| | : No. 00 - 300: |
| MARTIN HORN, Commissioner, Pennsylvania Department of Corrections; CONNOR BLAINE, Superintendent of the State Correctional Institution at Greene, and JOSEPH P. MAZURKIEWICZ, Superintendent of the State Correctional Institution at Rockview, | : Judge Standish |
| | : **THIS IS A CAPITAL CASE**. |
| Respondents. | : |

**MOTION FOR SUMMARY JUDGMENT ON CLAIMS 3 and 1**

     Petitioner, MARK DAVID BREAKIRON, requests that this Court grant his MOTION FOR SUMMARY JUDGMENT pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts and Rule 56 of the Federal Rules of Civil Procedure, on Claims 3 and 1 and, in support thereof, states:

     1.     In preparation for the status conference, undersigned counsel reviewed the pleadings filed in this case and believes that a Motion for Summary Relief would be appropriate. Respectfully, undersigned counsel submits that there are no disputes of material fact as to these two claims and that Petitioner's entitlement to relief seems clear, especially in light of the Commonwealth's responses. Standing alone or considered for their cumulative effect, these two

constitutional errors require that Mr. Breakiron receive a new, fair, trial.

  2. Were this Court to grant relief on either or both of these two claims, no evidentiary hearing (or further discovery) would be necessary.[1] This would save both parties and the Court a great deal of time and legal resources. Accordingly, Petitioner respectfully suggests that the Court consider Petitioner's Motion for Summary Judgment at this juncture.

  3. The Supreme Court long ago recognized that there may be habeas cases in which "on the facts admitted, it may appear that, as matter of law, the prisoner is entitled to the writ and to a discharge." Walker v. Johnston, 312 U.S. 275, 284 (1941). "As in civil cases generally, there exists a procedure whose purpose is to test whether facially adequate [habeas corpus] allegations have sufficient basis in fact to warrant plenary presentation of evidence" or whether, in the absence of any factual dispute, they warrant relief as a matter of law -- "[t]hat procedure is, of course, the motion for summary judgment." Blackledge v. Allison, 431 U.S. 63, 80-81 (1977) (citing Rule 56).[2]

  4. Indeed this court has ruled on (and granted) motions for summary relief in similar circumstances. Copenhefer v. Horn, No. 1:99-CV-00005 MBC (W.D. Pa. 12/09/2002) (Cohill,

---

[1] Nor would it be necessary to rule on any of Petitioner's other sixteen claims.

[2] Rule 56 of the Federal Rules of Civil Procedure – providing that the district court may grant summary judgment either for the claimant or for the defending party when there is "no genuine issue as to any material fact" and the "moving party is entitled to summary judgment as a matter of law" – applies in habeas proceedings pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. Hill v. Linehan, 697 F.2d 1032, 1034 (11th Cir. 1983); Rickman v. Dutton, 854 F. Supp. 1305 (M.D. Tenn. 1994) (granting petitioner's motion for partial summary judgment pursuant to Rule 56), aff'd sub nom. Rickman v. Bell, 131 F.3d 1150 (6th Cir. 1997).

J.) (granting partial summary judgment for petitioner in capital habeas case).[3]

    5.    Claim 3 concerns the trial court's exclusion of any testimony by Mr. Breakiron having to do with his intent. Since Mr. Breakiron's intent (and mens rea) was nearly the only thing contested at trial, this truly inexplicable error was fundamental to Mr. Breakiron's right to a fair trial.

    6.    Claim 1 concerns counsel's ineffectiveness. The Pennsylvania Supreme Court found that counsel was ineffective but also found that he was not prejudiced at either the guilt or penalty phase. The Pennsylvania Supreme Court, however, applied the wrong legal standard in making this determination, which, in any event, is untenable. The readily available mental health testimony about Mr. Breakiron's history of alcoholic blackouts that effective counsel could have presented would put Mr. Breakiron's claim of diminished capacity and intoxication at trial in a vastly different light.[4]

    7.    Both of these claims have been fully briefed by the parties. Rather than fully rebrief the claims, Petitioner has attached, for the convenience of the Court (and opposing counsel), the relevant sections of Petitioner's Legal Memorandum, the Commonwealth's Response, and Petitioner's Reply.

---

[3] Cf. Pursell v. Horn, 187 F.Supp.2d 260 (W.D.Pa. 2/01/02) (Smith, C.J.) (granting habeas relief by adjudicating only two claims); Bronshtein v. Horn, 404 F.3d 700 (3rd Cir. 2005) (affirming habeas relief by addressing only single claim for habeas relief; not ruling on Petitioner's other claims).

[4] Claim 1 discusses counsel's ineffectiveness at both the guilt and penalty phase of the trial. Petitioner focuses his argument as to the guilt-phase allegations of ineffectiveness for the practical reason that only relief as to the guilt-phase would foreclose the need for this Court to rule on the remainder of Petitioner's guilt phase claims. Accordingly, Petitioner largely restricts his argument to the guilt-phase aspects of Claim 1.

8.  As the Court noted at the status on Friday, there have been some developments in the relevant law since the briefing occurred, particularly as to the claim of ineffective assistance of counsel. Accordingly, Petitioner discusses these developments in his supplemental brief for summary judgment.

9.  Respectfully, Petitioner believes that is entitlement to relief on these two claims is clear and that it would be in the interests of efficiency for both the Court and the parties for this Court to consider granting relief on them at this juncture.

Respectfully submitted,

S/(James Anderson)

_____
James Anderson, Esq.
Assistant Federal Public Defender
Capital Habeas Corpus Unit
1450 Liberty Center
1001 Liberty Avenue
Pittsburgh, PA 15222-3714
(412) 644-6565

Stuart Lev, Esq.
Capital Habeas Corpus Unit
Federal Court Division
Defender Association of Philadelphia
Suite 545W -- The Curtis Center
Independence Sq. West
Philadelphia, PA 19106
(215) 928-0520

Dated:      November 15, 2005