IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK BREAKIRON, | : | |
|     Petitioner | : | |
| | : | Civil Action No. 00-300 |
| v. | : | |
| | : | Judge William L. Standish |
| MARTIN HORN, et al., | : | |
|     Respondents | : | THIS IS A CAPITAL CASE |

<u>RESPONSE TO
MOTION FOR PRODUCTION OF DOCUMENTS
WITHHELD, OR IN THE ALTERNATIVE, FOR A MORE
DETAILED PRIVILEGE LOG AND CONSOLIDATED MEMORANDUM OF LAW</u>

Respondents, through their attorneys, submit the following response to petitioner's motion for production of documents withheld, or in the alternative, for a more detailed privilege log and consolidated memorandum of law.

*Motion For More Detailed Privilege Log*

The petitioner's motion for a more detailed privilege log should be denied. Respondents' description of the documents sought to be withheld from discovery is sufficiently specific under Federal Rule of Civil Procedure 26(b)(5). Respondents have withheld eleven (11) categories of documents from discovery on the grounds that they are trial preparation materials under Rule 26(b)(3) because they contain the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed.R.Civ.P. 26(b)(3). In asserting this privilege, the respondents described these documents as follows:

(1) Proposed questions for the witnesses, and notes of the main purpose of each witness;
(2) Proposed questions for use during jury selection;
(3) Outline of points the prosecutor wanted to make during his opening statement, closing argument, and for argument on motions;
(4) Notes regarding proposed points for charge;

1

    (5)    To do lists;
    (6)    Notes describing the law and the prosecutor's opinions about the law;
    (7)    Exhibits to be admitted, the sponsoring witness for each exhibit, and the main purpose for each exhibit;
    (8)    Lists of prospective trial jurors annotated with notes by the prosecutor;
    (9)    Various witness lists, some of which contain personal information such as he home address and telephone number of the witnesses;
    (10)    Speedy trial rule calculations; and
    (11)    Brief legal evaluation of statutory mitigating circumstances and whether hey were applicable during the penalty phase.

*See* Exhibit "A" and "B." Rule 26(b)(5) requires nothing more. When asserting a claim of privilege, the withholding party is required to "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." *Id.* (emphasis supplied). The above description of the documents withheld is more than adequate to allow the petitioner to ascertain whether they contain the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed.R.Civ.P. 26(b)(3).

    Moreover, the additional information sought by the petitioner has either already been provided or is not applicable to the documents at issue. The type of document (#1), a brief description of the nature and subject matter of the document (#6), and the circumstances upon which the respondents' claim of privilege is based (#7) are all evident from the description the respondents have already provided. Moreover, because the type of documents at issue are notes rather than correspondence, the petitioner's request for the sender (#3) and recipients (#4) of the documents is not appropriate. Finally, it is hard to understand how knowledge of the specific prosecutor who prepared the notes (#2) and the date they were prepared (#5) advances the petitioner's understanding of whether the

documents are privileged. Therefore, the petitioner's request for a more specific privilege log should be denied.

*Motion to Compel*

The petitioner's motion to compel should be denied because the documents withheld consist of the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed.R.Civ.P. 26(b)(3). In *In re Cendant Corp. Securities Litigation*, 343 F.3d 658 (3d. Cir. 2003), our Court of Appeals recently wrote:

> Rule 26(b)(3) establishes two tiers of protection: first, work prepared in anticipation of litigation by an attorney or his agent is discoverable only upon a showing of need and hardship; second, "core" or "opinion" work product that encompasses the "mental impressions, conclusions, opinion, or legal theories of an attorney or other representative of a party concerning the litigation" is "generally afforded **near absolute protection from discovery**." *Id.*; *In re Ford Motor Co.*, 110 F.3d 954, 962 n. 7 (3d Cir.1997). Thus, core or opinion work product receives greater protection than ordinary work product and is discoverable only upon a showing of **rare and exceptional circumstances.**

*Id.* at 663 (emphasis supplied). "Although the work-product doctrine most frequently is asserted as a bar to discovery in civil cases, its role in assuring the proper functioning of the criminal justice system is even more vital." *United States v. Nobles*, 422 U.S. 225, 238 (1975). Indeed, "[a] number of state and federal decisions have recognized the role of the work-product doctrine in the criminal law, and have applied its protections to the files of the prosecution and the accused alike." *Id.* at 238 n.12. In the instant case, the type of materials withheld -- which reveal the prosecutor's strategy, his legal judgment, his opinions on the law and the evidence, and what he planned to accomplish during the litigation -- are classic examples of "core" or "opinion" attorney work product that are entitled to near absolute protection from discovery. Because the petitioner offers <u>no</u> explanation in his motion

as to why these documents are necessary to advance his claims, he falls fall short of demonstrating the "rare and exceptional circumstances" necessary to overcome the work product privilege.

The petitioner cites *Riley v. Taylor*, 277 F.3d 261 (3d. Cir. 2001) (en banc) for the proposition that the attorney work product privilege does not apply when the attorney's own subjective impressions or observations are themselves evidence of the constitutional violation. However, the Court of Appeals in *Riley* did not even address the applicability of the attorney work product doctrine. Moreover, unlike *Riley* -- which involved a claim that the prosecutor improperly struck minority jurors in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986) -- the prosecutor's subjective impressions and observations in the instant case have nothing whatsoever to do with whether cause and prejudice exists to excuse the petitioner's procedural default.

The petitioner also cites *Strickler v. Greene*, 527 U.S. 263 (1999) and *Banks v. Dretke*, 540 U.S. 668 (2004) in support of his motion. However, neither of these cases involved the applicability of the attorney work product doctrine. Moreover, the petitioner fails to explain why the prosecutor's subjective impressions and observations in the instant case are evidence of prosecutorial misconduct or cause and prejudice to excuse his procedural default. Therefore, the petitioner's motion to compel should be denied.

WHEREFORE, the respondents respectfully request that the petitioner's motion for production of documents withheld or, in the alternative, for a more detailed privilege log should be denied.

                                                  **THOMAS W. CORBETT, JR.**
                                                  **Attorney General**

                                                  *[s] Christopher D. Carusone*
                         **BY:**   **CHRISTOPHER D. CARUSONE**
                                             **Senior Deputy Attorney General**
                                             **Attorney ID# 71160**

**OFFICE OF ATTORNEY GENERAL**
**Criminal Law Division, Capital Litigation Unit**
**Strawberry Square**
**Harrisburg, PA  17120**
**(717) 783-6273**

**Date:   November 18, 2005**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARK BREAKIRON,** | : | |
| Petitioner | : | |
| | : | **Civil Action No. 00-300** |
| v. | : | |
| | : | **Judge William L. Standish** |
| **MARTIN HORN, et al.,** | : | |
| Respondents | : | **THIS IS A CAPITAL CASE** |

### CERTIFICATE OF SERVICE

AND NOW, this 18th day of November 2005, I, Christopher D. Carusone, Senior Deputy Attorney General, counsel for respondents in the above-captioned matter, hereby certify that I this day served the foregoing **Response To Motion For Production Of Documents Withheld, Or In The Alternative, For A More Detailed Privilege Log And Consolidated Memorandum Of Law** by causing a copy of the same to be transmitted *via* email, addressed as follows:

**James Anderson, Esquire
Assistant Federal Public Defender
Capital Habeas Corpus Unit
1450 Liberty Center
1001 Liberty Avenue
Pittsburgh, PA 15222-3714
James Anderson [James_Anderson@fd.org]
(Counsel for Petitioner)**

    *[s] Christopher D. Carusone*
CHRISTOPHER D. CARUSONE
Senior Deputy Attorney General