

COMMONWEALTH OF PENNSYLVANIA
## OFFICE OF ATTORNEY GENERAL

October 26, 2005

**TOM CORBETT**
ATTORNEY GENERAL

Capital Litigation Unit
16th Floor, Strawberry Square
Harrisburg, PA 17120
(717) 783-6273

*VIA FACSIMILE 412.355.2505*
*& FIRST CLASS MAIL*
James Anderson
Assistant Federal Public Defender
Capital Habeas Corpus Unit
1450 Liberty Center
1001 Liberty Avenue
Pittsburgh, PA 15222-3714

       **Re:**    Breakiron v. Horn et al.
               Civil Action No. 00-300

Dear Mr. Anderson:

       The enclosed documents are being provided to you pursuant to requests 1-3, 5-7, 9-10, 12-13, 16, and 18-19 of your Request for Production of Documents dated March 18, 2005. As we agreed, requests 5-6, 9-10, 12-13 & 16 were limited to documents from 1984 to the present. With the exception of the documents identified below that are being withheld pursuant to Fed.R.Civ.P. 26(b)(3), the enclosed documents represent all of the documents in the possession of the Fayette County District Attorney's Office that are responsive to these requests to the best of my knowledge, information, and belief. Please see the Declaration of Alexis Bisch, Office Manager for the District Attorney's Office.

       In compliance with Fed.R.Civ.P. 26(b)(5), you are hereby advised that respondents are withholding the following categories of documents prepared by the prosecutor(s) that are protected from disclosure pursuant to Fed.R.Civ.P. 26(b)(3) (relating to trial preparation materials):

       (1)     Proposed questions for the witnesses, and notes of the main purpose of each witness;



COMMONWEALTH'S
EXHIBIT
B
PENGAD-Bayonne, N. J.

(2)    Outline of points the prosecutor wanted to make during his opening statement, closing argument, and for argument on motions;

(3)    To do lists;

(4)    Notes describing the law and the prosecutor's opinions about the law;

(5)    Lists of prospective trial jurors annotated with notes by the prosecutor;

(6)    Various witness lists, some of which contain personal information such as the home address and telephone number of the witnesses;

(7)    Speedy trial rule calculations; and

(8)    Notes describing possible plea offers.

Of the eight categories identified above, none of them contain references to Ellis Price. I am especially concerned with category #6 to the extent that it contains personal information about the witnesses. I see no need to produce this personal information, and will seek a protective order if necessary to protect the security of these individuals.

In addition to the court-ordered discovery, enclosed please find a copy of the Office of Attorney General's investigation into the allegations contained in petitioner's amended claim four. The investigative report begins on page eight and ends on page fifteen. This information is being disclosed voluntarily, and this should not be construed as a waiver of the respondents' rights to object to discovery in this matter.

If you intend to present any motions during our upcoming status conference scheduled for November 4, 2005, please provide me with as much advance notice as possible.

If you have any questions or concerns, please contact me.

Very truly yours,

CHRISTOPHER D. CARUSONE
Senior Deputy Attorney General

CDC\rkt

Enclosures (by mail only)
cc:    Stuart Lev, Esquire (w/o enclosures)

## DECLARATION OF ALEXIS BISCH
## PURSUANT TO 28 U.S.C. § 1746

I, Alexis Bisch, do hereby declare as follows:

1.      I am currently employed as the Office Manager of the Fayette County District Attorney's Office, Uniontown, Pennsylvania. I have been employed at the Fayette County District Attorney's Office since 1997.

2.      Deputy Attorney General Christopher D. Carusone forwarded to me a copy of the Request for Production of Documents dated March 18, 2005, from the petitioner Mark Breakiron in *Mark Breakiron v. Martin Horn, et al.*, Civil Action No. 00-300 (W.D. Pa.). *See* Exhibit "A".

3.      Deputy Attorney General Carusone requested that I provide him with all existing documents in the possession and control of the District Attorney's Office that are described in requests # 1-3, 5-7, 9-10, 12-13, 16, 18-19. He also advised that requests 5-6, 9-10, 12-13, & 16 were limited to documents from 1984 to the present.

4.      Pursuant to this request, I conducted a diligent search of the District Attorney's Office for the records described in paragraph 3.

5.      During my search, I located the following documents: [list what you found].

- Pennsylvania State Police copy of the Police Report of Mark David Breakiron;
- District Attorney's file on Robert Keith Price at Criminal Action No. 110 of 1986;
- District Attorney's file on James Francis Sullivan at Criminal Action No. 244 of 2001;
- District Attorney's file on James Francis Sullivan at Criminal Action No. 214 of 1987;
- District Attorney's file on David Eugene Lint at Criminal Action Nos. 1850 of 2002; 843 of 2003 and 123 of 2003; (NOTE: David Eugene Lint

has a pending Theft By Unlawful Taking case in Fayette County at Criminal Action No. 189 of 2005.

6.    To the best of my knowledge, the documents listed in paragraph 5 are the only existing documents in the possession and control of the District Attorney's Office that are responsive to the request described in paragraph 3.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge, information, and belief.

_____
ALEXIS BISCH

Date: 8/18/05