IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK BREAKIRON, | : |
| Petitioner, | : |
| | : CIVIL ACTION |
| v. | : |
| | : No. 00 - 300: |
| MARTIN HORN, Commissioner, | : |
| Pennsylvania Department of Corrections; | : Judge Standish |
| CONNOR BLAINE, Superintendent of the | : |
| State Correctional Institution at Greene, and | : **THIS IS A CAPITAL CASE**. |
| JOSEPH P. MAZURKIEWICZ, | : |
| Superintendent of the State Correctional | : |
| Institution at Rockview, | : |
| Respondents. | : |

**REPLY IN SUPPORT OF PETITIONER'S MOTION FOR PRODUCTION OF DOCUMENTS WITHHELD, OR IN THE ALTERNATIVE, FOR A MORE DETAILED PRIVILEGE LOG**

Petitioner, MARK DAVID BREAKIRON, requests that this Court grant his Motion for for Production of Documents Withheld, or in the Alternative, for a More Detailed Privilege Log and, in brief reply to the Respondent's Response to the Motion, states:

1. In their reply brief, Respondents listed eleven (11) categories of documents they have withheld from discovery. However, omitted from the list is a twelfth category that is potentially crucial to Petitioner's Amended Claim 4, *"notes describing possible plea offers."*[1]

---

[1] As more fully described in Petitioner's original motion, Respondents withheld two (2) sets of documents from Petitioner. The first set of withheld documents originated with the Attorney General's office and was broken down into the eleven (11) categories listed in Respondent's reply brief. The second set originated with the Fayette County District Attorney's

As previously explained in his Amended Petition and Motion for Discovery, Petitioner has strong reason to believe that Ellis Price received substantial undisclosed benefits in exchange for testifying against petitioner and the Commonwealth failed to disclose impeachment material. Petitioner asserts that he has a right to the documents relating to possible plea offers, and to all of the other withheld documents as well.

2. Respondents argue that they should not have to provide a more detailed privilege log because the descriptions of the documents they have withheld is "more than adequate to allow the petitioner to ascertain whether they contain the 'mental impressions, conclusions, opinions or legal theories of an attorney...'"

3. Respectfully, Petitioner submits that Respondents have lumped together discoverable material to which Petitioner is entitled with legitimate privileged material in each of the categories of withheld documents. In other words, the broad categories relied upon by the Commonwealth are not specific enough to be able to determine whether a particular document is privileged.

4. Petitioner submits that there are four major categories of potentially discoverable material: facts, legal theories, ordinary work product, and original work product. See Jeff A. Anderson, et al., *The Work Product Doctrine*, 68 Cornell L. Rev. 760, 788 (1983).

5. Work product immunity under Fed.R.Civ.P 26(b)(3) does not prohibit discovery of facts contained in documents even though the documents themselves may not be discoverable.

---

office and was broken down into eight (8) categories. Of these eight (8) categories only number eight (8) "notes describing possible plea offers" was not already included in the first eleven (11) categories. Petitioner does not believe or suggest that the omission of the plea offer category from the Commonwealth's reply brief was deliberate.

See Fed.R.Civ.P. 26(b)(3) Proposed Amendments to the Federal Rules of Civil Procedure Relating to Discovery, 48 F.R.D. 487, 501 (1970) ("No change is made in the existing doctrine, noted in the Hickman case, that one party may discover relevant facts known or available to the other party, even though such facts are contained in a document which is not itself discoverable.")

6. Similarly, legal theories are also considered not protected by the work product doctrine, when they contain relevant facts. See *Anderson, supra* at 837.

7. The remaining two categories, ordinary and original work product are considered privileged materials in varying degree and their discoverabilty is specifically addressed within Fed.R.Civ.P. 26(b)(3). Ordinary or "shell" work product, consists of "documents and tangible things otherwise discoverable" "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative." Id.  Opinion or "core" work product is granted a higher immunity from discovery and consists of documents that contain an attorney's "mental impressions, conclusions, or opinions" concerning the litigation. Id. See also Hickman v. Taylor, 329 U.S. 495, 511 (1947).

8. A party seeking ordinary work product material must show that he has a "substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed.R.Civ.P. 26(b)(3).

9. Despite being privileged material, opinion or core work product is also discoverable in exceptional circumstances. Two major exceptions recognized by the courts are when the privileged material is "at issue" in the case (see Truck Ins. Exch. v. St. Paul Fire &

Marine Ins. Co., 66 F.R.D. 129, 136 (E.D. Pa. 1975), or when the work product protected documents concern criminal or fraudulent activity (see In Re Doe, 662 F.2d 1073, 1078-79 (4th Cir. 1981)).

10. Here, by the very broad description of the eleven (11) categories, Respondents have withheld documents that are unprivileged and likely contain discoverable facts. Material in categories such as (1) "Proposed questions for the witnesses, and notes of the main purpose of each witness," and (9) "Various witness lists," clearly contain factual information that is not privileged. In particular, documents in category (8) "Notes describing possible plea offers," are particularly relevant to Mr. Breakiron's claims and are discoverable whether it is classified as ordinary or original work product.

11. Respondents claim that Petitioner failed to offer an explanation as to why the withheld documents are necessary to advance his claims. Respectfully, Petitioner disagrees with this assertion. Petitioner clearly alleged in his initial motion that the Commonwealth's chief witness at trial, Ellis Price, perjured himself when he testified that Mark Breakiron confessed to him while they were both incarcerated and lied when he testified that he neither sought nor received any benefit in exchange for his testimony and/or had no incentive to curry favor with the Commonwealth. Undersigned counsel has submitted affidavits that show that Ellis Price and James "Silky" Sullivan invented Mr. Breakiron's confession using discovery materials they found in Breakiron's cell and then wrote a letter to the then District Attorney Gerald Solomon offering to testify in exchange for benefits in their cases. Thus, any information regarding a benefit that Ellis Price, Conrad Blair or James "Silky" Sullivan (or any other potential witness against Mark Breakiron) may have received in exchange for testimony is relevant.

12.     It is without question that Petitioner has a "substantial need" of the withheld materials and that he is unable to obtain the substantial equivalent of the materials by other means without "undue hardship," thereby clearing the hurdles or test contained in Fed.R.Civ.P. 26(b)(3), in order to gain access to any withheld <u>ordinary</u> work product.  Indeed, there is no other means whatsoever for Mr. Breakiron to obtain this material.

13.     Likewise, Petitioner has also shown by the very nature of his claim that the withheld documents are "at issue" in this case, and that he has a right to any <u>opinion</u> work product as well.

14.     It is true, that, as the Commonwealth points out, the prosecutor's intent is not directly relevant to a <u>Brady</u> claim.  If the Commonwealth failed to disclose material, relevant impeachment material (in this case Ellis Price's incentives to curry favor with the Commonwealth), Petitioner is entitled to relief regardless of the good or bad faith of the prosecutor.[2]  But Petitioner has not plead simply a pure <u>Brady</u> claim.  He has also argued that the prosecution violated its constitutional obligation to correct false testimony.[3]  The prosecutor's subjective knowledge is directly relevant to the prosecutor's obligation to correct false testimony. Accordingly the prosecution's subjective impressions are discoverable in support of Petitioner's

---

[2]Of course even in this situation, Petitioner would be entitled to the <u>facts</u> contained in the privileged documents.

[3]Claim 4 states:  PETITIONER'S CONSTITUTIONAL RIGHTS WERE VIOLATED WHERE THE COMMONWEALTH FAILED TO DISCLOSE RELEVANT EVIDENCE WHICH WOULD HAVE IMPEACHED THE TESTIMONY OF ITS KEY WITNESS, FAILED TO CORRECT THAT WITNESS' FALSE AND MISLEADING TESTIMONY, AND FAILED TO TURN OVER EXCULPATORY INFORMATION; THE TRIAL COURT VIOLATED PETITIONER'S CONSTITUTIONAL RIGHTS BY PRECLUDING DEFENSE COUNSEL FROM ASKING ABOUT ANY BENEFIT THAT THIS WITNESS MIGHT RECEIVE; TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE AND PROPERLY IMPEACH THE WITNESSES' TESTIMONY BY BRINGING OUT THE WITNESS' BIAS AND MOTIVE TO LIE.

claim.

15.     The Commonwealth has withheld an unknown quantity of documents without providing an adequate privilege log justifying its exclusions.  Even on their face, the descriptions of the categories are over-inclusive and some, like "Notes describing possible plea offers" are clearly relevant and discoverable.  Finally, even documents containing core work-product material may be discoverable because discoverable facts are interspersed with the work-product and the subjective impressions of the prosecutor are relevant to Petitioner's claim.   For all the foregoing reasons, Petitioner's Motion should be granted.

        Respectfully submitted,

        */s/ James Anderson*

        _____
        James Anderson, Esq.
        Assistant Federal Public Defender
        Capital Habeas Corpus Unit
        1450 Liberty Center
        1001 Liberty Avenue
        Pittsburgh, PA 15222-3714
        (412) 644-6565

        Stuart Lev, Esq.
        Capital Habeas Corpus Unit
        Federal Court Division
        Defender Association of Philadelphia
        Suite 545W -- The Curtis Center
        Independence Sq. West
        Philadelphia, PA 19106
        (215) 928-0520

Dated:        November 29, 2005