IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK BREAKIRON, : | |
| : | |
| Petitioner, : | |
| : | CIVIL ACTION |
| v. : | |
| : | No. 00 - 300: |
| MARTIN HORN, Commissioner, : | |
| Pennsylvania Department of Corrections; : | Judge Standish |
| CONNOR BLAINE, Superintendent of the : | |
| State Correctional Institution at Greene, and : | **THIS IS A CAPITAL CASE**. |
| JOSEPH P. MAZURKIEWICZ, : | |
| Superintendent of the State Correctional : | |
| Institution at Rockview, : | |
| : | |
| Respondents. : | |

**PETITIONER'S REPLY TO COMMONWEALTH'S RESPONSE TO MOTION TO AMEND PETITIONER'S REQUEST FOR PRODUCTION OF DOCUMENTS**

Petitioner MARK BREAKIRON requests this Court to grant his MOTION TO AMEND PETITIONER'S REQUEST FOR PRODUCTION OF DOCUMENTS and in support thereof states:

1. In its Response, the Commonwealth suggests that Petitioner cannot show cause and prejudice for the alleged procedural default of claim 4 in state court. The Commonwealth does not cite the Supreme Court precedent which specifically addresses this situation: Banks v. Dretke, 540 U.S. 668, 124 S.Ct. 1256, 1272 (2004). In Banks, the state of Texas adopted the same position that the Commonwealth here adopts– that Petitioner procedurally defaulted his Brady claim when he failed to discover impeachment material never disclosed by the state. "The

State here nevertheless urges, in effect, that the prosecution can lie and conceal and the prisoner still has the burden to discover the evidence..." Banks v. Dretke at 1275.  The United States Supreme Court soundly rejected the Commonwealth's position: "A rule thus declaring prosecutor may hide, defendant must seek, is not tenable in a system constitutionally bound to accord defendants due process.... Prosecutors' dishonest conduct or unwarranted concealment should attract no judicial approbation." Id. [1]  Accordingly, the Court concluded that the nature of a Brady claim (the failure to disclose impeachment evidence) provided cause for whatever default might occur.  Id. at 1272 (explaining that Brady claim encompasses cause and prejudice analysis).

2. Here, the prosecutor argued that Mr. Price had "nothing to gain at all" from the Commonwealth.  NT at 1325-26 (arguing that Ellis Price was credible and had no bias).

3. This was plainly false.  Apart from other reasons Mr. Price had quite a bit to gain from the Commonwealth,[2] he had conducted a brutal aggravated assault that the police were currently investigating.  Alone among the perpetrators, at the specific direction of the Fayette County district attorney, Mr. Price was not charged, convicted, and sentenced to a substantial term of prison.  Petitioner is entitled to additional discovery concerning this unusual coincidence.

---

[1] See also U.S. v. Biberfeld, 957 F.2d 98, 104 (3d Cir.1992) (Government's failure to disclose Brady material provided cause for any default; noting unfairness of rewarding governmental misconduct by holding claim barred).

[2] These include his efforts to get a deal in his cases; the suspiciously timed nullification of the jury verdict of attempted murder; and his attempts to get a deal to help his brother, Robert Price.  Mr. Breakiron need not prove the existence of a formal *quid pro quo* between the Commonwealth and Mr. Price.  The legally relevant issue is whether the Commonwealth concealed incentives that Mr. Price may have had to testify less than truthfully.

4. For all the foregoing reasons, Petitioner's Motion to Amend should be granted.

        Respectfully submitted,

        /s/James Anderson
        James Anderson, Esq.
        Assistant Federal Public Defender
        Capital Habeas Corpus Unit
        1450 Liberty Center
        1001 Liberty Avenue
        Pittsburgh, PA 15222-3714
        (412) 644-6565

        Stuart Lev, Esq.
        Capital Habeas Corpus Unit
        Federal Court Division
        Defender Association of Philadelphia
        Suite 545W -- The Curtis Center
        Independence Sq. West
        Philadelphia, PA 19106
        (215) 928-0520

Dated:   November 30, 2005