IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK BREAKIRON, | : |
| Petitioner, | : |
| | : CIVIL ACTION |
| v. | : |
| | : No. 00 - 300: |
| MARTIN HORN, Commissioner, | : |
| Pennsylvania Department of Corrections; | : Judge Hardiman |
| CONNOR BLAINE, Superintendent of the | : |
| State Correctional Institution at Greene, and | : **THIS IS A CAPITAL CASE**. |
| JOSEPH P. MAZURKIEWICZ, | : |
| Superintendent of the State Correctional | : ELECTONICALLY FILED |
| Institution at Rockview, | : |
| Respondents. | : |

**MOTION TO COMPEL RESPONDENTS TO PROVIDE A DETAILED PROFFER OF TESTIMONY EXPECTED FROM THEIR WITNESSES AND ANY PRIOR STATEMENTS, OR, IN THE ALTERNATIVE, FOR PERMISSION TO CONDUCT ADDITIONAL DEPOSITIONS**

Petitioner MARK BREAKIRON, through counsel, respectfully requests this Court to order Respondents to provide a proffer of the testimony expected from their witnesses at the upcoming evidentiary hearing, and to provide Petitioner with any prior statements given by their witnesses, or, in the alternative, for permission to depose Respondents' witnesses, and states in support:

1. A hearing on amended Claim IV of Petitioner's habeas petition is currently scheduled for February 1 and 2, 2007.

2. During the telephone conference held with this Court on November 20, 2006,

counsel for Respondents, Deputy Attorney General Christopher Carusone, indicated that he would likely call six witnesses at the hearing: Sheriff Gary Brownfeld, Trooper Earl Roberts, Ellis Price, Trooper William Nickel, Alfonse Lepore (Breakiron's original public defender who later served as Fayette County District Attorney), and Fayette County Judge Ralph Warman. Petitioner has deposed Brownfeld, Roberts and Price.

3. Following the conference, Petitioner's counsel (electronically) wrote Mr. Carusone and requested a summary of the proposed testimony from the non-deposed witnesses (Nickel, Lepore, and Warman), and any prior statements made by those witnesses concerning the issues in dispute.

4. Mr. Carusone responded promptly, indicating that he would be calling four additional witnesses (current Fayette County District Attorney Nancy Vernon, Judge Gerald Solomon, trial prosecutor Mark Morrison, and Special Agent Kepchar of the Attorney General's office), but would not be calling Trooper Nickel. Mr. Carusone further informed counsel that he declined to provide either a summary of the proposed testimony of the witnesses, or any prior statements.

5. Counsel replied and asked Mr. Carusone to reconsider his position in light of Local Rule 16.1.4 (g). Mr. Carusone has, to date, not responded.

6. Respondents' refusal to provide Petitioner with a proffer of the expected testimony from his non-deposed witnesses is unreasonable. Evidentiary hearings in habeas cases are not designed to be conducted by surprise and ambush. While this Court has not required the parties to file a pre-hearing statement, Local Rule 16.1.4 (g) (relating to pretrial statements) states: "failure to fully disclose in the pretrial statements . . . the substance of the evidence

prepared to be offered at trial, may result in the exclusion of that evidence . . . " The spirit, if not the letter, of the Local Rules, require the parties to fairly disclose the substance of the evidence and testimony they expect to produce.[1]  Such disclosure promotes efficiency as well as fairness, as it allows the parties to focus on, and prepare for, the central questions at issue.

7.      Respondents should be compelled to provide Petitioner with a detailed proffer of the expected testimony of each witness who has not been previously deposed (Judge Warman, Judge Solomon, District Attorney Vernon, Special Agent Kepchar, Mr. Lepore).  Respondents should be advised that any testimony outside the scope of the proffer may be subject to exclusion.  Respondents should also be compelled to provide Petitioner with a copy of any statement, interview, letter, memorandum, or notes relating to same, whether oral, written, or electronic, relevant to each witness' expected testimony.

8.      In the alternative, Petitioner requests permission to take the deposition of Judge Warman, Judge Solomon, District Attorney Vernon, Special Agent Kepchar, and Mr. Lepore at a time to be scheduled prior to the February 1, 2007 hearing.

---

[1] Signed affidavits from Petitioner's proposed witnesses were filed with Amended Claim IV and copies were provided to Respondents.

WHEREFORE, for the foregoing reasons, Petitioner respectfully requests this Court to grant his motion and provide the relief requested in ¶¶7 and 8, or any such relief as this Court deems appropriate   Proposed orders, reflecting the alternative forms of relief, are attached.

Respectfully submitted,

/s/Stuart Lev
Stuart Lev, Esq.
Capital Habeas Corpus Unit
Federal Court Division
Defender Association of Philadelphia
Suite 545W -- The Curtis Center
Independence Sq. West
Philadelphia, PA 19106
(215) 928-0520

Tricia A. Russell
Staff Attorney
Capital Habeas Corpus Unit
1450 Liberty Center
1001 Liberty Avenue
Pittsburgh, PA 15222-3714
(412) 644-6565

Dated:  December 13, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing to be served on the following person at the location and in the manner indicated below:

BY FIRST CLASS MAIL

Christopher Carusone, Esq.
Office of Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120


/s/ Stuart Lev
Stuart Lev, Esq.

Dated: December 13, 2006