```
COMMONWEALTH OF PENNSYLVANIA     : IN THE COURT OF COMMON PLEAS
                                         OF
                                 : FAYETTE COUNTY, PENNSYLVANIA

        vs.                      : CRIMINAL DIVISION

ELLIS PRICE,                     :

            Defendant.           : NO.  154 4/8, 154 5/8, 6/8 of
                                   1986
```

MOTION IN ARREST OF JUDGMENT AND FOR A NEW TRIAL

AND NOW, this 20th day of October, 1986, the above named defendant, Ellis Price, against whom verdicts of Guilty of Criminal Attempt to Commit Criminal Homicide, Aggravated Assault, and Recklessly Endangering Another Person were entered in the above-captioned matter on July 11, 1986, by his attorney, Carl P. Izzo, Jr., Esquire, moves this Honorable Court to arrest the judgment against him, and in the alternative, moves for a new trial, and assigns the following reasons in support thereof:

1. The verdicts of guilty of Criminal Attempt to Commit Criminal Homicide, Aggravated Assault, and Recklessly Endangering Another Person were against the weight of the evidence, in that the Commonwealth presented no evidence that the defendant, Ellis Price, possessed the requisite intent to commit those crimes; nor did the Commonwealth present evidence from which the jury could properly infer that the defendant possessed such intent.



COMMONWEALTH'S EXHIBIT
F

2. The verdicts of guilty of Criminal Attempt to Commit Criminal Homicide, Aggravated Assault, and Recklessly Endangering Another Person were against the weight of the evidence, in that the Commonwealth presented no evidence that the defendant, Ellis Price, aided, agreed to aid, or attempted to aid the co-defendant, Robert Price, in planning or committing those crimes; nor did the Commonwealth present evidence from which the jury could properly infer that the defendant had aided, agreed to aid, or attempted to aid the co-defendant, Robert Price, in planning or committing those crimes.

3. The verdict of guilty of Criminal Attempt to Commit Criminal Homicide, was against the weight of the evidence, in that the Commonwealth presented no evidence that the defendant, Ellis Price, did any act which constituted a substantial step toward the commission of the crime of Criminal Homicide; nor did the Commonwealth present evidence from which the jury could properly infer that the defendant did any act which constituted a substantial step toward the commission of the crime of Criminal Homicide.

4. The verdicts of guilty of Aggravated Assault and Recklessly Endangering Another Person were against the weight of the evidence, in that the Commonwealth presented no evidence that the defendant, Ellis Price, committed any voluntary act upon

which criminal liability could be based; nor did the Commonwealth present evidence from which the jury could properly infer that the defendant committed such an act.

5. The Court erred in failing to grant the defendant's Demurrer with respect to the charges of Criminal Attempt to Commit Criminal Homicide, Aggravated Assault, and Recklessly Endangering Another Person, because the Commonwealth presented no evidence, in its case in chief, that the defendant, Ellis Price, possessed the requisite intent to commit those crimes; nor did the Commonwealth present evidence from which the jury could properly infer that the defendant possessed such intent.

6. The Court erred in failing to grant the defendant's Demurrer with respect to the charges of Criminal Attempt to Commit Criminal Homicide, Aggravated Assault, and Recklessly Endangering Another Person, because the Commonwealth presented no evidence, in its case in chief, that the defendant, Ellis Price, aided, agreed to aid, or attempted to aid the co-defendant, Robert Price, in planning or committing those crimes; nor did the Commonwealth present evidence from which the jury could properly infer that the defendant had aided, agreed to aid, or attempted to aid the co-defendant, Robert Price, in planning or committing those crimes.

7. The Court erred in failing to grant the defendant's Demurrer with respect to the charge of Criminal Attempt to Commit Criminal Homicide, because the Commonwealth presented no evidence, in its case in chief, that the defendant, Ellis Price, did any act which constituted a substantial step toward the commission of the crime of Criminal Homicide; nor did the Commonwealth present evidence from which the jury could properly infer that the defendant did any act which constituted a substantial step toward the commission of the crime of Criminal Homicide.

8. The Court erred in failing to grant the defendant's demurrer with respect to the charges of Aggravated Assault and Recklessly Endangering Another Person, because the Commonwealth presented no evidence, in its case in chief, that the defendant, Ellis Price, committed any voluntary act upon which criminal liability could be based; nor did the Commonwealth present evidence from which the jury could properly infer that the defendant committed such an act.

9. The Court erred in failing to grant the defendant's Motion for Judgment of Acquittal with respect to the charges of Criminal Attempt to Commit Criminal Homicide, Aggravated Assault, and Recklessly Endangering Another Person, in that, considering all the evidence adduced at trial, the Commonwealth presented no

evidence that the defendant possessed the requisite intent to commit those crimes; nor did the Commonwealth present evidence from which the jury could properly infer that the defendant possessed such intent.

10. The Court erred in failing to grant the defendant's Motion for Judgment of Acquittal with respect to the charges of Criminal Attempt to Commit Criminal Homicide, Aggravated Assault, and Recklessly Endangering Another Person, in that, considering all the evidence adduced at trial, the Commonwealth presented no evidence that the defendant, Ellis Price, aided, agreed to aid, or attempted to aid the co-defendant, Robert Price, in planning or committing those crimes; nor did the Commonwealth present evidence from which the jury could properly infer that the defendant had aided, agreed to aid, or attempted to aid the co-defendant, Robert Price, in planning or committing those crimes.

11. The Court erred in failing to grant the defendant's Motion for Judgment of Acquittal, with respect to the charge of Criminal Attempt to Commit Criminal Homicide, in that considering all the evidence adduced at trial, the Commonwealth presented no evidence that the defendant, Ellis Price, did any act which constituted a substantial step toward the commission of the crime of Criminal Homicide; nor did the Commonwealth present evidence

from which the jury could properly infer that the defendant did any act which constituted a substantial step toward the commission of the crime of Criminal Homicide.

12. The Court erred in failing to grant the defendant's Motion for Judgment of Acquittal with respect to the charges of Aggravated Assault and Recklessly Endangering Another Person, in that, considering all the evidence adduced at trial, the Commonwealth presented no evidence that the defendant, Ellis Price, committed any voluntary act upon which criminal liability could be based; nor did the Commonwealth present evidence from which the jury could properly infer that the defendant committed such an act.

13. The Court erred in failing to grant defendant's Motion for Severance filed on September 22, 1986, subjecting defendant, Ellis Price, to the prejudicial testimony of his brother, co-defendant Robert Price, thereby working a denial of his right to a fair trial under the 6th amendment to the United States Constitution and article 1, section 6 of the Constitution of the Commonwealth of Pennsylvania.

14. The defendant, Ellis Price, reserves the right to file additional and supplemental reasons in support of the within motions when the notes of testimony taken at trial have been

transcribed and a copy thereof is made available to the defendant.

                                        Respectfully Submitted,

                                        _____
                                        Carl P. Izzo, Jr.
                                        Attorney for Defendant