OT.

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA

CRIMINAL

COMMONWEALTH OF PENNSYLVANIA :

vs. :

ELLIS PRICE : NO. 154 4/8, 5/8, 6/8 OF 1986

BRIEF ON BEHALF OF COMMONWEALTH
IN OPPISITION TO THE DEFENDANT'S MOTION IN
ARREST OF JUDGMENT AND FOR A NEW TRIAL

FILED
JUN 8 3 54 PM '87

GERALD R. SOLOMON,
District Attorney
Fayette County Courthouse
Uniontown, PA 15401
Telephone: (412) 438-4521
ATTORNEY FOR THE COMMONWEALTH



# I N D E X

PAGE


Table of Citations ---------------------------------------- i

Counterstatement of Questions Involved ------------------ ii

Counterstatement of the Case ---------------------------- iii

Argument I, IV, VII, X --------------------------------- 1-3

Argument II, III, V, VI, VIII, IX, XI, XII ------------- 4-5

Argument XIII ------------------------------------------- 6-7

Conclusion ---------------------------------------------- 8

Proof of Service ---------------------------------------- 9

TABLE OF CITATIONS

| | PAGE |
|---|---|
| Commonwealth v. Edwards, 493 Pa. 281, 426 A.2d 550 (1980) | 1 |
| Commonwealth v. Iacino, 265 Pa. Super. 275, 401 A.2d 1355 (1979) | 6 |
| Commonwealth v. Kerr, 150 Pa. Super. 598, 29 A.2d 340 (1943) | 4 |
| Commonwealth v. Reynolds, 208 Pa. Super. 366, 222 A.2d 474 (1966) | 2 |
| Commonwealth v. Shriner, 232 Pa. Super. 306, 332 A.2d 501 (1974) | 6 |
| Commonwealth v. Zapata, 447 Pa. 322, 290 A.2d 114 (1972) | 1 |
| Commonwealth v. Zoller, ___ Pa. ___, 490 A.2d 394 (1985) | 4 |

# COUNTERSTATEMENT OF QUESTIONS INVOLVED

I, IV, VII, XI. WHETHER THE COMMONWEALTH ADVANCED SUFFICIENT EVIDENCE TO SUSTAIN THE VERDICTS OF GUILT AGAINST THE DEFENDANT, ELLIS PRICE, FOR THE CRIMES OF CRIMINAL ATTEMPT TO COMMIT CRIMINAL HOMICIDE, AGGRAVATED AND RECLESSLY ENDANGERING ANOTHER PERSON?

ANSWER: IN THE AFFIRMATIVE.

II, III, V, VI, VIII, IX, XI, XIIII. WHETHER THE TRIAL COURT PROPERLY EXERCISED ITS DISCRETION IN DENYING THE DEFENDANT'S NUMEROUS GROUNDS IN HIS MOTION FOR DEMURRER AND JUDGMENT OF ACQUITTAL?

ANSWER: IN THE AFFIRMATIVE.

XIII. WHETHER THE TRIAL COURT CORRECTLY EXERCISED ITS DISCRETION IN RULING THAT A SEVERANCE WOULD NOT BE PERMITTED IN THE INSTANT MATTER?

ANSWER: IN THE AFFIRMATIVE.

## COUNTERSTATEMENT OF THE CASE

The Commonwealth herein incorporates the procedural narrative of this case as amply portrayed by the defendant in his Brief on same.

THE COMMONWEALTH ADVANCED SUFFICIENT EVIDENCE TO SUSTAIN THE VERDICTS OF GUILT AGAINST THE DEFENDANT, ELLIS PRICE, FOR THE CRIMES OF CRIMINAL ATTEMPT TO COMMIT CRIMINAL HOMICIDE, AGGRAVATED AND RECLESSLY ENDANGERING ANOTHER PERSON.

The defendant, Ellis Price, challenges the weight of the evidence in this matter through four specific arguments in which the Commonwealth will treat all four arguments the same, because they all involved the identical crimes utilizing the same standards for review.

It is fundamentally correct to find that a granting of a new trial on the ground that the verdict is against weight of the evidence is committed to the sound discretion of the trial court. Commonwealth v. Zapata, 447 Pa. 322, 290 A.2d 114 (1972). The evidence is sufficient to sustain a convict, if it supports the verdict beyond a reasonable doubt, when its viewed in light most favorable to the Commonwealth, with all proper inferences drawn favoring the Commonwealth. Commonwealth v. Edwards, 493 Pa. 281, 426 A.2d 550 (1980). The defendant Ellis Price, insists that as to his convictions for criminal attempt to commit criminal homicide, aggravated assault, and recklessly endangering that the verdicts were contrary to the weight of the evidence and based on sufficient evidence in several particulars. First, the defendant believes that there was no evidence demonstrating that he possessed a requisite intent to commit these crimes from which the jury could properly infer that he possessed such an intent. Secondly, the defendant believes that the Commonwealth offered no evidence in which it was demonstrated

that there was a voluntary act on his part upon which criminal liability could be based. Thirdly, the defendant maintains that the Commonwealth advanced no evidence, in which it was shown that the defendant aided, aided in an agreement or attempted to aid a co-defendant, Robert Price, in planning or committing the said crimes. Finally, the defendant argues that the Commonwealth generated no evidence, in which it was shown that the defendant committed any act which constituted a substantial step towards the commission of the crime of criminal homicide.

The Commonwealth insists that it is not required to establish by direct evidence that the defendant, Ellis Price, committed said crimes. Rather, the Commonwealth believes that this burden may be sustained by means of wholly circumstantial evidence.

The offense of attempt with the intent to kill is completed by the discharging of a firearm at a person with the intent to kill. Moreover, the necessary element of intent may be inferred from the circumstances even though direct thereof is lacking. Commonwealth v. Reynolds, 208 Pa. Super. 366, 222 A.2d 474 (1966).

After a review of the evidence in the light most favorable to the Commonwealth, the Commonwealth believes that the evidence is sufficient to establish the requisite intent to convict the defendant on the charge of criminal attempt to commit criminal homicide, aggravated assault, and recklessly endangering another person. The evidence through the testimony of the victim, Raymond Ritcher, indicated that the defendant, Ellis Price, while in the company of his brother, Robert Price, began a fued with Mr. Ritcher, inside the bar on the day in question and upon exiting and getting into their car,

leveled a shotgun at the victim and discharged said weapon. Said actions by Ellis Price, while inside the car, though somewhat circumstantial caused the victim, Mr. Ritcher, to sustain serious bodily in injury. From these facts, it was entirely proper, and supported by competent evidence, for the factfinder to conclude that the defendant did intend to kill or cause serious bodily injury to another person, namely Mr. Ritcher, for his deliberately firing of a shotgun, which struck, a vital part of his target.

Therefore, the Commonwealth believes that this Honorable Court should not disturb the finding of the factfinders and thereby, dismiss numerous challenges to the weight of the evidence in this matter.

ARGUMENTS II, III, V, VI, VIII, IX, XI, XII

THE TRIAL COURT PROPERLY EXERCISED ITS DISCRETION IN DENYING THE DEFENDANT'S NUMEROUS GROUNDS IN HIS MOTION FOR DEMURRER AND JUDGMENT OF ACQUITTAL.

The defendant, Ellis Price, under an umbrella of eight arguments asserts that the trial court abused its discretion in failing to grant his motion for demurrer and or judgment of acquittal.

In Commonwealth v. Zoller, __ Pa. __, 490 A.2d 394 (1985), the Supreme Court of Pennsylvania elaborately discussed the standards governing the trial court's ability to rule on a Motion for Demurrer and also, other options as set forth in Pennsylvania Rule of Criminal Procedure 1124(a)(1), which would include a Motion for Judgment of Acquittal at the close of all of the evidence. In Zoller, supra., Chief Justice Nix writing for the majority set down the following guidelines for demurrer:

> "In deciding whether to grant a demurrer the Court does not determine whether or not the defendant is guilty on such evidence, but determines whether the evidence, if credited by the jury, is legally sufficient to warrant the conclusion that the defendant is guilty beyond a reasonable doubt. (Citations Omitted) Thus, the tests to be applied on ruling upon a demurrer is whether the Commonwealth's evidence and all reasonable inferences therefrom are sufficient to warrant a finding by the trier of fact that the accused is guilty beyond a reasonable doubt. (citations omitted)
>
> Hence, by definition a demurrer is not a factual determination, as stated in Commonwealth v. Kerr, 150 Pa. Super. 598, 29 A.2d 340 (1943), the object to the demurrer to the evidence is to assertain the law on an admitted state of facts. The trial judge may not pass upon the credibilty of Commonwealth's witness at the demurrer stage of the proceedings. (Citations omitted) The trial

> judge is also procluded from weighing the Commonwealth's evidence. (Citations omitted.) Thus, the question before the trial judge of ruling of a demurrer remains one of law. (Citations omitted.)"

Having set forth the aforestated guidelines enunciated in Zoller, supra., we must now assertain the demurrer and motion for judgment of acquittal utilizied in the instant case by the defendant amounted to the trial court committing an abuse of discretion in failing to rule that the reasonable inferences from the Commonwealth's evidence was not sufficient to support a finding by the trier of fact, that the accused is guilty beyond a reasonable doubt. Again, as based upon the evidence provided to the Commonwealth's witnesses although somewhat circumstantial, it was still clearly established at the time of trial that the defendant, Ellis Price, acted with an intent to inflict serious bodily upon the victim, Mr. Ritcher, specifically designed to be either bring about his death or cause serious bodily injury, the trial court certainly at the close of both the Commonwealth's case and the entire case as presented properly ruled that reasonable inferences to be drawn from the testimony presented that the jury could find beyond a reasonable doubt all the elements necessary to sustain the convictions against the defendant on the charges of criminal attempt to commit criminal homicide, aggravated assault, and recklessly endangering another person.

Therefore, the correctness of the trial court's rulings on the defendant's motion for demurrer and motion for judgment of acquittal should not now be disturbed in the defendant's quest to have his verdict of guilt overturned.

ARGUMENT XIII

THE TRIAL COURT CORRECTLY EXERCISED ITS DISCRETION IN RULING THAT A SEVERANCE WOULD NOT BE PERMITTED IN THE INSTANT MATTER.

The defendant, Ellis Price, finally argues that the trial court erred in failing to grant his motion for severance filed on September 22, 1986, subjecting him to the prejudicial testimony of his brother, co-defendant, Robert Price, thereby working his denial of a fair trial under the Sixth Amendment to the United States Constitution, Article 1, Section 6, of the Constitution of the Commonwealth of Pennsylvania.

In challenging a trial judge's discretionary ruling that severance will not be permitted, the defendant has the burden of showing that the trial judge exhibited a manifest of abuse of discretion or that his decision created a clear injustice, ie., substantail injustice resulted from the refusal to severe. The assertion of a better chance of acquittal if tried separately does not meet this burden, Commonwealth v. Iacino, 265 Pa. Super. 275, 401 A.2d 1355 (1979); Commonwealth v. Shriner, 232 Pa. Super. 306, 332 A.2d 501 (1974). The defendant's arguments concerning the probability of antagonistic defenses, is only one factor in which the trial court considered in deciding whether or not to grant the immediate severance, and the mere assertions by the defendant of antagonism does not meet his burden of showing that a manifest abuse of discretion existed in the trial court's ruling, which created a clear injustice to the defendant.

The trial court correctly ruled on September 22, 1986, that the immediate case were not to be severed and no substantial injustice resulted to the defendant, Ellis Price, from the refusal to severe.

CONCLUSION

Based upon the foregoing reasons, the Commonwealth respectfully prays that this Honorable Court deny and dismiss the defendant's, ELLIS PRICE, Motion for New Trial and or Arrest of Judgment.

Respectfully submitted,

Gerald R. S.

GERALD R. SOLOMON,
District Attorney

IN THE COURT OF COMMON PLEAS OF FAYETTE COUNTY, PENNSYLVANIA

CRIMINAL

COMMONWEALTH OF PENNSYLVANIA :

vs. :

ELLIS PRICE : NO. 154 4/8, 5/8, 6/8 OF 1986

PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing document upon the person(s) indicated and in the manner indicated below:

Service by first-class as follows:

CARL P. IZZO, JR., ESQUIRE
51 East South Street
Uniontown, PA 15401

THE HONORABLE JUDGE, WILLIAM J. FRANKS
Fayette County Courthouse
Uniontown, PA 15401

DATE: JUNE 8, 1987

Gerald R. Solomon

GERALD R. SOLOMON,
District Attorney
Fayette County Courthouse
Uniontown, Pennsylvania 15401
(412) 438-4521
ATTORNEY FOR THE COMMONWEALTH