IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK BREAKIRON, : | |
| : | |
| Petitioner, : | |
| : | CIVIL ACTION |
| v. : | |
| : | No. 00 - 300: |
| MARTIN HORN, Commissioner, : | |
| Pennsylvania Department of Corrections; : | Judge Fischer |
| CONNOR BLAINE, Superintendent of the : | |
| State Correctional Institution at Greene, and : | **THIS IS A CAPITAL CASE**. |
| JOSEPH P. MAZURKIEWICZ, : | |
| Superintendent of the State Correctional : | |
| Institution at Rockview, : | |
| : | |
| Respondents. : | |

**SUPPLEMENTAL MOTION TO AMEND
PETITION FOR HABEAS CORPUS**

Petitioner, MARK DAVID BREAKIRON, through undersigned counsel, hereby requests that this Court grant his SUPPLEMENTAL MOTION TO AMEND PETITION FOR HABEAS CORPUS and in support hereby states:

1      On February 2, 2007, Judge Hardiman conducted an evidentiary hearing on Petitioner's amended Claim 4, which asserts various claims of error arising from the Commonwealth's failure to disclose Ellis Price's efforts to obtain benefits for himself and his brother in exchange for his testimony against Mark Breakiron.

2      During the course of that hearing, evidence was produced showing that, at the

time of Petitioner's testimony, Price was a named suspect in the assault and robbery of Vincent Sterbutzal. See Commonwealth Exhibit D (Pennsylvania State Police Report). Although he had been identified as one of the perpetrators of this violent crime, no charges were brought against Mr. Price either at the time of his cooperation with the police or at the time of his testimony. NT at 75, 184. Indeed, Ellis Price was never prosecuted for his role in that offense. NT at 184.

3. The evidence concerning the Sterbutzal assault first came to light during discovery proceedings conducted prior to the evidentiary hearing, and was developed at the evidentiary hearing.. The Commonwealth had not previously disclosed the fact of Price's role in that assault, or the failure to charge and prosecute him that case.

4. The existence of a pending investigation against Mr. Price, and the failure to bring charges against him, was exculpatory impeachment information that should have been, but was not, disclosed to the defense. The prosecution violated due process when it failed to disclose exculpatory information to the defense.[1] Accordingly, Petitioner moves to amend his habeas

---

[1] Unless this Court wishes more in depth briefing sooner, Petitioner intends to fully brief this issue in his updated memorandum of law. For now, it suffices to note that the Due Process Clause of the Fourteenth Amendment to the United States Constitution requires a prosecutor to disclose evidence favorable to the accused concerning guilt and penalty. Brady v. Maryland, 373 U.S. 83, 87 (1963); Giglio v. United States, 405 U.S. 150, 153-56 (1972). Under United States v. Bagley, 473 U.S. 667 (1985), the Commonwealth is required to disclose any evidence that could be used to materially impeach its witnesses. Impeachment evidence is that which can be used to challenge the credibility of a prosecution witness or that can be used to challenge the prosecution's trial theory. Id. at 676 (Brady's disclosure requirements apply to any materials that, whatever their other characteristics, can be used to develop impeachment of a prosecution witness or theory).

The defendant's entitlement to relief upon the showing of a Brady violation does not turn upon the good or bad faith of the trial prosecutor. Kyles v. Whitley, 514 U.S. 419, 437 (1995). The prosecutor is therefore responsible for "any favorable evidence known to the others acting on

petition to once again expand Claim 4 to include this new information.[2]

5 The procedural posture relating to these newly uncovered facts and resulting claims is the same as the procedural posture relating to Petitioner's prior effort to expand Claim 4. These facts were never presented to the state court, as there was no state court mechanism to do so, and are thus technically defaulted. Petitioner alleges that he can establish cause and prejudice to overcome that default, based on the Commonwealth's failure to disclose the information at any earlier time.[3] The record created at the February 2, 2007 hearing, coupled

---

the government's behalf, including the police." Kyles, 514 U.S. at 437-438 (knowledge of favorable evidence "known . . . to police investigators and not to the prosecutor" is imputed to the trial prosecutor).

At the evidentiary hearing, the Commonwealth suggested that Kyles was a new rule of law that did not apply retroactively to Breakiron. There is no law to support this view and, indeed, the Courts of Appeal that have addressed this issue have found to the contrary. E.g. Breedlove v. Moore, 279 F.3d 953,961 n.7 (11th Cir. 2002) ("Kyles did not announce a new rule of law and its holding is thus applicable to cases that predate it"); United States v. Rich, 141 F.3d 550, 553 (5th Cir. 1998)

[2]As originally pled, Claim 4 states: PETITIONER'S CONSTITUTIONAL RIGHTS WERE VIOLATED WHERE THE COMMONWEALTH FAILED TO DISCLOSE RELEVANT EVIDENCE WHICH WOULD HAVE IMPEACHED THE TESTIMONY OF ITS KEY WITNESS, FAILED TO CORRECT THAT WITNESS' FALSE AND MISLEADING TESTIMONY, AND FAILED TO TURN OVER EXCULPATORY INFORMATION; THE TRIAL COURT VIOLATED PETITIONER'S CONSTITUTIONAL RIGHTS BY PRECLUDING DEFENSE COUNSEL FROM ASKING ABOUT ANY BENEFIT THAT THIS WITNESS MIGHT RECEIVE; TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO INVESTIGATE AND PROPERLY IMPEACH THE WITNESSES' TESTIMONY BY BRINGING OUT THE WITNESS' BIAS AND MOTIVE TO LIE. This Claim was exhausted in Mr. Breakiron's second PCRA proceedings. See Legal Memorandum at 103 n.69 (discussing exhaustion).

[3]In this instance, the cause and prejudice analysis and the merits of the Brady claim are identical. As the United States Supreme Court recently explained in Banks v. Dretke, 540 U.S. 668, 124 S.Ct. 1256, 1272 (2004):

> Cause and prejudice in this case parallel two of the three components of the alleged Brady violation itself. Corresponding to the second Brady component (evidence suppressed by the State), a petitioner shows "cause" when the reason

3

with Petitioner's prior submissions, provides a sufficient basis for this Court to decide both the merits of the claim, and its related procedural issues. Petitioner's previously submitted Proposed Findings of Fact include proposed findings relating to the Sterbutzal assault.

    6      Fed. R. Civ. Pro.15 governs amendments to habeas pleadings. See 28 U.S.C. § 2242 (habeas petition may be amended in accordance with the Federal Rules of Civil Procedure) and Riley v. Taylor, 62 F.3d 86, 89 (3d Cir. 1995) (amendment of a petition for a writ of habeas corpus is governed by Rule 15, Fed. R.Civ.Pro.  Rule 15 states,"leave shall be freely given when justice so requires." Fed. R. Civ. Pro. 15 (a).  In this case, "justice so requires."  Petitioner has

---

> for his failure to develop facts in state-court proceedings was the State's suppression of the relevant evidence; coincident with the third Brady component (prejudice), prejudice within the compass of the "cause and prejudice" requirement exists when the suppressed evidence is "material" for Brady purposes.

Id at 1272 (citations omitted); Stickler v. Greene, 527 U.S. 263, 293-90 (1999) (prosecutorial suppression of Brady material "is just such [a] factor[] that ordinarily establish[es] the existence of cause for a procedural default"). By proving the merits of his Brady claim, Mr. Banks also proved cause and prejudice.

The Commonwealth should not be permitted to benefit from its failure to timely disclose the impeachment evidence of the Sterbutzal assault and investigation. In Banks, "[t]he State here nevertheless urges, in effect,  that the prosecution can lie and conceal and the prisoner still has the burden to discover the evidence..." Banks v. Dretke at 1275.  The Court soundly rejected that position: "A rule thus declaring prosecutor may hide, defendant must seek, is not tenable in a system constitutionally bound to accord defendants due process.... Prosecutors' dishonest conduct or unwarranted concealment should attract no judicial approbation." Id.  See also U.S. v. Biberfeld, 957 F.2d 98, 104 (3d Cir.1992) (Government's failure to disclose Brady material provided cause for any default; noting unfairness of rewarding governmental misconduct by holding claim barred).

As in Banks v. Dretke, the cause for Mr. Breakiron's failure to develop the facts in state court proceedings was the Commonwealth's suppression of the relevant facts.  Similarly, "prejudice" exists because the suppressed facts and impeachment information are "material" for Brady purposes.  If Mr. Breakiron is able to prove his Brady claim, he will necessarily also prove cause and prejudice.

proceeded with diligence raising these matters.

7      Undersigned counsel has contacted Christopher Carusone, Esq., counsel for Respondents, who indicated that he did not wish to take a position on this motion until he has had an opportunity to review the motion as filed.

WHEREFORE, For all of the foregoing reasons, Petitioner respectfully asks this Court to grant this motion and amend Claim 4 of the Habeas Petition to include claims relating to the failure to disclose evidence of Ellis Price's role in the Sterbutzal assault and police investigation of that crime. A proposed order is attached.

                                      Respectfully submitted,

/s/Stuart Lev
Stuart Lev, Esq.
Capital Habeas Corpus Unit
Federal Court Division
Defender Association of Philadelphia
Suite 545W -- The Curtis Center
Independence Sq. West
Philadelphia, PA 19106
(215) 928-0520

Tricia A. Russell
Staff Attorney
Capital Habeas Corpus Unit
1450 Liberty Center
1001 Liberty Avenue
Pittsburgh, PA 15222-3714
(412) 644-6565

Dated:

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date I caused a true and correct copy of the foregoing to be served on the following person at the location and in the manner indicated below:

BY FIRST CLASS MAIL

Christopher Carusone, Esq.
Office of Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120


                /s/ Stuart Lev
                Stuart Lev, Esq.


Dated: