IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK BREAKIRON, : | |
|     Petitioner : | |
| : | Civil Action No. 00-300 |
| v. : | |
| : | Judge Nora Barry Fischer |
| MARTIN HORN, et al., : | |
|     Respondents : | THIS IS A CAPITAL CASE |

## SUPPLEMENT TO ANSWER TO PETITION FOR WRIT OF *HABEAS CORPUS* AND CONSOLIDATED MEMORANDUM OF LAW

Respondents (Commonwealth), through their attorneys, respectfully submit this supplement to the answer to petition for writ of *habeas corpus* and consolidated memorandum of law in order to address Amended Claim 4. (Doc. 44). The Commonwealth has already responded to petitioner's other claims in its original answer and consolidated memorandum of law (Doc. 48).

"In *Brady v. Maryland,* the Supreme Court held that due process forbids a prosecutor from suppressing 'evidence favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.'" *United States v. Pelullo*, 399 F.3d 197, 200 (3d. Cir. 2005) (quoting *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). "To establish a due process violation under *Brady,* then, a defendant must show that: (1) evidence was suppressed; (2) the suppressed evidence was favorable to the defense; and (3) the suppressed evidence was material either to guilt or to punishment." *Id*. (citation omitted).

Petitioner has conceded that Amended Claim 4 is procedurally defaulted. Nevertheless, he argues that he has established "cause and prejudice" to overcome the default. When a state court refuses to consider a petitioner's claim due to a violation of state procedural rules, federal courts are generally barred from considering the claim, unless the habeas petitioner can show cause for the

default and prejudice attributable thereto. *Johnson v. Pinchak,* 392 F.3d 551, 556 (3d. Cir.2004) (citations omitted). Our Court of Appeals has summarized the "cause and prejudice" standard:

> The Supreme Court has delineated what constitutes "cause" for the procedural default: the petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). By way of example, the Court opined that showing a factual or legal basis for a claim was not reasonably available to counsel or showing interference by government officials sufficient to make compliance impracticable, would constitute acceptable cause for federal habeas review of the defaulted claim. *Id. ...*
>
> With regard to the prejudice requirement, the habeas petitioner must prove "not merely that the errors at ... trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494 (quoting *United States v. Frady,* 456 U.S. 152, 170 (1982)). This standard essentially requires the petitioner to show he was denied "fundamental fairness" at trial. *Id.*

*Werts v. Vaughn*, 228 F.3d 178, 192-193 (3d. Cir. 2000). "The analysis of prejudice for the procedural default of a *Brady* claim is identical to the analysis of materiality under *Brady* itself." *Slutzker v. Johnson,* 393 F.3d 373, 385 (3d. Cir. 2004) (citing *Strickler v. Greene,* 527 U.S. 263, 282, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)).

Applying the Findings of Fact (Doc. 171) of this Court to the legal standards above, it is clear that the Commonwealth did not violate its obligations under *Brady v. Maryland* and that the petitioner has not established "cause and prejudice" to overcome his procedural default. At its core, Amended Claim 4 alleges that Commonwealth witness Ellis Price received two, undisclosed benefits from the Commonwealth in exchange for his testimony: (1) that the Fayette County District Attorney's Office decided not to appeal a trial court order overturning his conviction for the attempted homicide of Richard Pletcher; and (2) that he was not prosecuted for his role in the robbery of Vincent Sterbutzel. Both of these arguments were rejected by this Court in its Findings of Fact.

More specifically, this Court concluded that the District Attorney's decision not to appeal the trial court's order in the Pletcher case "was based on considerations that were not related to Ellis Price's involvement in the Breakiron case." (Doc. 171 at 23). Similarly, this Court found that the District Attorney's decision not to prosecute Ellis Price in the Sterbutzel case "was based upon considerations that were not related to Ellis Price's involvement in the Breakiron case." (Doc. 171 at 24). Moreover, this Court determined that the Commonwealth did not promise Price any benefit with regard to the Pletcher and Sterbutzel cases in exchange for his testimony, that there were no express or implied agreements between Price and the Commonwealth in the Pletcher and Sterbutzel cases in exchange for his testimony, and that the District Attorney expressly told Price that he could provide him with no benefit in exchange for his testimony. (Doc. 171 at 23-25). Under these facts, it is clear that the petitioner's claim must fail.

With the core of his *Brady* claim in tatters, the petitioner nevertheless clings to two factual findings of this Court in a final effort to advance his claim. First, the petitioner points to this Court's factual finding that Ellis Price sent two letters to the District Attorney's Office (one with James Sullivan and one on his own) offering information in the Breakiron case in exchange for benefits for him and/or his brother Robert Price. (Doc. 171 at 21-22). However, this factual finding does not establish that the Commonwealth committed a *Brady* violation. None of the Commonwealth attorneys recalled seeing the letters in question (Doc. 171 at 22), and, as noted above, neither Ellis Price nor his brother Robert received any of the benefits Ellis Price had requested. The petitioner cites to no case requiring the government to disclose every benefit requested by a witness. In fact, there is authority to the contrary. *See United States v. Bin Laden*, 397 F.Supp.2d 465, 512 (S.D.N.Y. 2005); *Nixon v. United States*, 703 F.Supp. 538, 559 (S.D.Miss. 1988). Second, the

3

petitioner points to this Court's factual finding that Ellis Price was considered to be a suspect in the Sterbutzel assault. (Doc. 171 at 22). However, this is hardly impeachment material in light of the fact that Price did not even know he was a suspect. (Doc. 171 at 15). *See generally McCloud v. United States,* 781 A.2d 744, 753 (D.C.Cir.2001) (noting that, to be deemed material for bias cross-examination, the foundation for bias must be shown, including evidence that the witness is aware of the facts forming the basis of the suspected bias). Therefore, the petitioner's final *Brady* claims are procedurally defaulted and are also without merit.

      Finally, the petitioner argues that trial counsel was ineffective for failing to cross-examine Price about his incentives to testify for the Commonwealth. To the extent that the petitioner failed to properly present this claim to the Pennsylvania state courts, it is procedurally barred and the petitioner has failed to demonstrate "cause and prejudice" to overcome the default. In the alternative, the petitioner's ineffectiveness claim is meritless. To demonstrate ineffective assistance of counsel, the petitioner must show both that his counsel's performance was lacking and that this deficient performance resulted in prejudice. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The petitioner has failed to satisfy the "performance" prong of the *Strickland* standard because – as established in the Commonwealth's original answer and in the instant supplement – Price's "incentives" to testify for the Commonwealth do not actually exist. Equally significant, the petitioner has failed to establish the "prejudice" prong of the *Strickland* standard. Despite the best efforts of his current counsel, the importance of Price's testimony has been seriously exaggerated. Evidence of the petitioner's guilt – specifically his intent to kill – was overwhelming, even without the testimony of Ellis Price. As a result, the petitioner's ineffectiveness argument must also fail.

WHEREFORE, for the reasons set forth in this supplement as well as the original answer and consolidated memorandum of law, the respondents respectfully request that the petition for writ of *habeas corpus* be denied.

        **Respectfully submitted,**

        **THOMAS W. CORBETT, JR.**
        **Attorney General**

        **RICHARD A. SHEETZ, JR.**
        **Executive Deputy Attorney General**
        **Criminal Law Division**

        **AMY ZAPP**
        **Chief Deputy Attorney General**
        **Appeals and Legal Services Section**

**BY:**    *[s] Christopher D. Carusone*
        **CHRISTOPHER D. CARUSONE**
        **Senior Deputy Attorney General**
        **Attorney ID# 71160**

**OFFICE OF ATTORNEY GENERAL**
**Criminal Law Division**
**Capital Litigation Unit**
**Strawberry Square, 16th Floor**
**Harrisburg, PA  17120**
**(717) 783-6273**

**Date:   April 17, 2008**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK BREAKIRON,** | : | |
| Petitioner | : | |
| | : | **Civil Action No. 00-300** |
| v. | : | |
| | : | **Judge Nora Barry Fischer** |
| **MARTIN HORN, et al.,** | : | |
| Respondents | : | **THIS IS A CAPITAL CASE** |

### CERTIFICATE OF SERVICE

I, Christopher D. Carusone, Senior Deputy Attorney General, counsel for respondents in the above-captioned matter, hereby certify that I this day served the foregoing **Supplement to Answer to Petition for Writ of Habeas Corpus and Consolidated Memorandum of Law** by serving a copy *via* email addressed as follows:

**Stuart Lev, Esquire [Stuart_Lev@fd.org]
Tricia Russell, Esquire [Tricia_Russell@fd.org]
Defender Association of Philadelphia
Capital Habeas Corpus Unit
The Curtis Center, Suite 545 West
Philadelphia, PA 19106
(Counsel for Petitioner)**

    *[s] Christopher D. Carusone*
CHRISTOPHER D. CARUSONE
Senior Deputy Attorney General

Date:   April 17, 2008