IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK BREAKIRON,

    Petitioner,

v.

MARTIN HORN, et al.

    Respondents.

Civil Action No. 00-300

The Honorable Nora Barry Fischer

## MEMORANDUM

On September 24, 2008, the Court entered final judgment on the request for habeas corpus relief presented by Petitioner Mark Breakiron ("Breakiron"). (Docket Nos. 179 & 180). The Court denied Breakiron's request for relief on his robbery conviction but held that he is entitled to a new trial to determine whether he is guilty of first degree murder or of a lesser degree of murder. The Commonwealth has filed a *Motion For Reconsideration Of Order Granting Petition For Writ Of Habeas Corpus* (Docket No. 181), to which Breakiron has filed an *Answer In Opposition* (Docket No. 182). In its motion, the Commonwealth contends that the Court made "mistakes" and that it should vacate its September 24, 2008 Order. For the reasons set forth below, the Commonwealth's contentions do not warrant reconsideration of the Court's final order and the Commonwealth's motion is denied.

I.

The United States Court of Appeals for the Third Circuit has instructed that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985); see

1

also Max's Seafood Cafe *ex rel.* Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). "[M]otions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided." Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998) (Cindrich, J.) (citing Rottmund v. Continental Assurance Co., 813 F.Supp. 1104, 1107 (E.D. Pa. 1992); Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993)). A motion for reconsideration may not be used as a "second bite at the apple," and a movant who fails in the first attempt to persuade a court to adopt its position may not use a subsequent motion for reconsideration to raise new arguments that it previously failed to raise before the court when the matter at issue was being decided. Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995); Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1240 (D.Del. 1990) (a motion for reconsideration "should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided."). Reconsideration, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Brambles USA, Inc., 735 F.Supp. at 1241 (citations omitted).

II.

In the Court's September 24, 2008 decision, it was determined that Breakiron was entitled to relief on his claims that the Commonwealth had violated its obligations under Brady v. Maryland, 373 U.S. 83 (1963) for failing to disclose to the defense prior to Breakiron's April 1988 trial: (1) the two letters that Ellis Price sent to then District Attorney Gerald Solomon in or around the summer of 1987; and, (2) that Ellis Price was a named suspect in the ongoing police

investigation into the assault and robbery of Vincent Sterbutzel (the "Sterbutzel case"). The Court noted that these Brady claims were first raised in the amended habeas petition and that Breakiron had acknowledged they are procedurally defaulted. (Docket No. 179 at 51-52). The Court expressly recognized that the issue before it was whether Breakiron had demonstrated "cause" for his default and resulting "prejudice." (Id. (citing Strickler v. Greene, 527 U.S. 263 (1991); Banks v. Dretke, 540 U.S. 668 (2004); Slutzker v. Johnson, 393 F.3d 373 (3d Cir. 2004)). The Court further noted that in this case the "cause" analysis corresponded with the first factor of the underlying Brady claim itself, i.e., whether the Commonwealth had suppressed the information at issue prior to Breakiron's April 1988 trial. (Id.)

The Court's analysis of whether there was "cause" to overcome the default was in accordance with the manner in which the parties presented the issues to it and also addressed the arguments raised by the Commonwealth in its *Supplemental Answer* (Docket No. 177), in which the Commonwealth set forth its response to Breakiron's Brady claims. Therein, the Commonwealth argued that Breakiron could not establish "cause" to overcome his default because he could not satisfy the elements of the underlying Brady claim. (Docket No. 177 at 1-3). The Court rejected the Commonwealth's argument. (Docket No. 179 at 52-54). The Court further observed that the Commonwealth did not argue that Breakiron could not establish "cause" because he did not develop the evidence regarding Ellis Price's two letters during the litigation of Breakiron's second motion for relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), which took place before the Court of Common Pleas of Fayette County in 2000. (Docket No. 179 at 52 n.21). In its motion for reconsideration, the Commonwealth takes issue with the Court's observation, but the Commonwealth's *Supplemental Answer* speaks for itself, and

nowhere therein did the Commonwealth raise such an argument. Moreover, the Commonwealth ignores the Court's additional observation that if such an argument had been made, the Court would have rejected it because the Commonwealth did not disclose during the second PCRA proceeding the existence or the contents of the letters, even though Breakiron had requested discovery in that proceeding, including "any and all correspondence between Mr. Price and any arm of the Commonwealth, including but not limited to, the Pennsylvania State Police, the Fayette County District Attorney's Office or the Office of the Pennsylvania Attorney General, and all notes, memoranda, letters, documents, etc. relating to the decision whether to appeal the order arresting judgment in Mr. Price's case[.]" (Id.; see also App. 40 at 9 n.5).

Next, the Commonwealth contends that the Court erred in its discussion of the impact of the Sterbutzal case on Breakiron's Brady claim. However, the Commonwealth raises no basis for the Court to reconsider its previous resolution of the Brady claim as it pertains to the Sterbutzal case. The Court did not misconstrue the argument that the Commonwealth made in defense of this claim. Specifically, the Court noted that Breakiron contended that the fact that Ellis Price was a suspect in the Sterbutzel investigation would have been admissible on cross-examination of Ellis Price to show bias, motive, and self interest. The Court expressly addressed the one argument that the Commonwealth made in rebuttal: that the information would not have been admissible at Breakiron's April 1988 trial because Ellis Price testified at the evidentiary hearing before this Court that he had not been aware that he was a suspect in the Sterbutzel case. (Docket No. 177 at 3-4). In rejecting the Commonwealth's argument, the Court first noted that in the Commonwealth's proposed post-hearing findings of fact, it did not request that Ellis Price's testimony that he was unaware that he was a suspect in the Sterbutzel case be credited. (Docket

No. 179 at 54-55). The Commonwealth now asserts that the Court's observation was "unfair." However, the Court's observation was accurate. (See Docket No. 166). In any event, the Court went on to explain that if the Commonwealth had proposed such a finding, the Court would have rejected it because the record tended to show that Ellis Price was an active participant in the crimes against Sterbutzel and therefore he would have known at the time of Breakiron's trial that future prosecution against him in that case was a possibility. (Docket No. 179 at 55).

Finally, the Commonwealth argues that the Court was mistaken when it noted that during the litigation of the second PCRA petition before the Common Pleas Court, the Commonwealth did not deny that the prosecution had failed to disclose Ellis Price's true criminal record. Once again, there is no merit to this contention. As the Court explained, in Breakiron's second PCRA petition, he asserted that he had recently discovered that Ellis Price had been convicted of two crimes in the State of Michigan – assault and armed robbery. He then claimed that the prosecution had failed to disclose Ellis Price's true criminal history and had failed to correct Ellis Price's false testimony that his Michigan conviction was for "just an assault." (App. 40 at 5). In its answer to the second PCRA petition, the Commonwealth responded that "Price was convicted of assault with intent to rob while armed," not the two separate crimes of assault and armed robbery. (App. 42 at 21-22). It then argued that when Breakiron's trial counsel asked Ellis Price whether his Michigan conviction was for an attempted murder and Ellis Price answered that it was "[j]ust an assault," Ellis Price had answered the question he was asked and the prosecution was under no duty to correct his testimony. (Id.) In response, Breakiron contended during oral argument before the Common Pleas Court at the end of the July 31, 2000 hearing and in his post-hearing brief that the Commonwealth had conceded that the prosecution had failed to accurately

disclose Ellis Price's criminal record when it admitted that Ellis Price had actually been convicted of assault with intent to rob, and not just assault. (N.T. PCRA 7/31/00 at 32-33; App. 45 at 2-3). When given the opportunity to respond to Breakiron's assertion at the hearing and in its own post-hearing submission, the Commonwealth did not deny that the prosecution had failed to disclose to the defense Ellis Price's actual Michigan record. (N.T. PCRA 7/31/00 at 53; App. 46 at 5). Thus, the Court's observation was an accurate summarization of the record, and the Commonwealth has posed no basis for the Court to reconsider its analysis of the matter.

III.

In conclusion, the Court finds that the Commonwealth has failed to show the need to correct a clear error of law or fact or to prevent manifest injustice. Harsco Corp., 779 F.2d at 909; Max's Seafood Café, 176 F.3d at 677. The substance of the Commonwealth's complaints is not with any factual errors made by the Court, but with the result of the Court's analysis of the claims at issue, which is not a valid basis for a motion for reconsideration. The Court shall not reconsider its decision to grant habeas corpus relief and the Commonwealth's *Motion for Reconsideration* is DENIED.

/s/ Nora Barry Fischer
Nora Barry Fischer
United States District Judge

Date: October 27, 2008

cc: All counsel of record